Robinson, J.
 

 This action was begun in the court of common pleas of Cuyahoga county, where the defendant in error, Clara E. Friedrich, was plaintiff, and the plaintiff in error, Ralph M. Hulett, and the Cleveland Railway Company, were defendants. It was an action in tort, the plaintiff there averring separate acts of negligence on the part of each of the defendants concurring to pro
 
 *26
 
 cluce an injury to her. The litigation grew out of the following circumstances:
 

 All the parties were proceeding in the same direction upon a street in the city of Cleveland, the plaintiff riding in a buggy, the defendant, Hulett, in an automobile, and the Cleveland Railway Company operating a street car. A collision occurred between the automobile and the street car, by reason of which the automobile was precipitated against the buggy of the plaintiff, causing her injury.
 

 The defendants filed separate answers. Neither averred any negligence of the plaintiff. The defendant, Hulett, denied negligence on his part and admitted the negligence averred in the petition against the Cleveland Railway Company. The Cleveland Railway Company denied negligence on its part, and, while not specifically admitting the negligence on the part of Hulett, admitted that the Hulett automobile collided with its street car and then came in contact with the buggy of plaintiff. .
 

 At the trial each defendant undertook to establish his or its freedom from negligence, and each undertook to establish the negligence of the other. During the progress of the trial the Cleveland Railway Company introduced in evidence the deposition of one Corman, which deposition had been taken upon notice to the plaintiff, Friedrich, and without notice to the defendant, Hulett. This deposition tended to prove the absence of negligence on the part of the Cleveland Railway Company and the presence of negligence on the part of Hulett. The introduction of the deposition was objected to, both in writing before trial and at the time of its
 
 *27
 
 introduction. Both objections were overruled, and the deposition was offered, read, and sent with the jury in its deliberations. A general verdict was rendered in favor of the plaintiff against both of the defendants. Motion for new trial was made and overruled, error prosecuted to the Court of Appeals, where the judgment of the court of common pleas was affirmed, and motion made in this court by each of the defendants for an order requiring the Court of Appeals to certify its record, the motion as to Hulett being sustained and that as to the Cleveland Railway Company being overruled.
 

 The sole question here considered will be tbe question of the admissibility of the deposition as evidence against the defendant Hulett.
 

 At the time of the introduction of this deposition, the following colloquy occurred between the court and counsel :
 

 “Mr. Byrnes: We object to the deposition, as it was taken without notice to Mr. Hulett.
 

 “Mr. Smith: I don’t want to use this against Mr. Hulett. .
 

 “The Court: What are the objections to the deposition of Earl Washington Corman? * * *
 

 “Mr. Byrnes: No notice.
 

 “Mr. Smith: Tour honor, I don’t want to use it against Mr. Byrnes’ client; I only want to use it against the party that is fighting us.
 

 “The Court: I don’t see that the objection is well taken, unless you give me some authority on it, Mr. Byrnes; if you show me where there is any holding that where there are two defendants that are adverse to each other, the other party must
 
 *28
 
 have notice. Are you prepared on it, Mr. Byrnes? If not, the objection -will be overruled.
 

 “Thereupon, the defendant Ralph M. Hulett objecting to the deposition of Earl Washington Gorman, offered by the defendant, the Cleveland Railway Company, the court overruled the objection, to which ruling of the court the defendant, Ralph M. Hulett, then and there excepted. (Record.)”
 

 The reading of the deposition was begun, when Mr. Byrnes stated:
 

 “I want the record to show that Mr. Smith had no authority, and Squire, Sanders & Dempsey had no authority, to represent Mr. Hulett at the talcing of this deposition.
 

 “The Court: This deposition is being offered by the defendant, the Street Railway Company. It is introduced solely and only in favor of their defense alone, and in no. way is it offered by Mr. Hulett as a defense. It is offered as a part of the Street Railway Company’s defense. * * * I also wish to instruct the jury that a deposition generally such as this is must be considered by you as being the evidence which this witness would have testified to in open court, had he been here present, and it must be taken by you as being his evidence. Mr. Byrnes, you are not seriously objecting to the authentication of this notary, are you?
 

 “Mr., Byrnes: Surely, I am.
 

 “The Court: What is there about that? What is your opinion, Judge Meals?
 

 “Mr. Meals: I have no objection to it, your honor.
 

 “Mr. Byrnes: Note my exception.”
 

 The deposition was then read. The court in
 
 *29
 
 its general charge to the jury stated that in any event the plaintiff must recover against one or the other or both of the defendants.
 

 As indicating the view the counsel for the respective defendants took of this case, they joined in requesting the court to instruct the jury:
 

 “There is no evidence of joint negligence in this case, and your verdict must be either against one or against the other of these defendants; it cannot be against both.”
 

 At the instance of the Cleveland Railway Company the following special findings were submitted to the jury:
 

 (a) “Do you find that Mr. Hulett’s automobile was struck as it was passing the street car, and before it could get between the street car and the buggy?” (b) “Do you find that Mr. Hulett had driven his automobile for some time on the street car track, in front of the street car, before it was struck?”
 

 It thus is apparent that from the time the defendants filed their separate answers to the time the jury retired to consider the case the defendants regarded themselves as adversaries in this case; and, while they were adversaries as to the plaintiff, in that each sought to prove himself or itself free from negligence, they were adversaries as to each other in that each sought to prove that the negligence of the other proximately contributed to plaintiff’s injury.
 

 Section 11534, General Code, provides: “Written notice of the intention to take a deposition shall be given to the adverse party.”
 

 Section 11535, General Code, provides: “Such
 
 *30
 
 notice must be served upon the adverse party, his agent or attorney of record, or left at the usual place of abode of such party or his agent. The deposition shall only be used against such parties as are served with notice in one of the modes prescribed. ’ ’
 

 It is worthy of note, in the construction of these statutes, that the Legislature made no reference to the relative or nominal positions of the plaintiff and defendant in designating the persons upon whom notice must be served, but in each instance used the words “adverse party,” thereby designating parties actually adverse, whether nominally so or not; and it is this view that courts and text-writers have taken of similar statutes in other states, the general rule being that a deposition may not be used against a party upon whom notice has not been served, but may be used against other parties upon whom notice has been served. This rule, however, must be so applied as not to allow evidence by deposition, prejudicial to a party not served with notice, to be introduced under the guise of introducing it against a party served with notice. The duty to serve the notice is upon the party taking the deposition. If, therefore, the deposition contain evidence prejudicial to a party who has not been served with notice, and who was not present at the taking of the deposition, because of which fact the party taking the deposition will be deprived of evidence tending to support his case, a court will allow the misfortune to befall the party failing to perform a necessary prerequisite to the creation of his right to use the
 
 *31
 
 deposition rather than upon a party who is without fault in the premises.
 

 In the instant case the deposition tended to establish the absence of negligence on the part of the Cleveland Railway Company, offering the deposition, and tended to establish the negligence of the defendant, Hulett. The deposition was admitted in evidence. The Cleveland Railway Company had the benefit of it, to the prejudice of the defendant, Hulett.
 

 The motion of the Cleveland Railway .Company to require the Court of Appeals to certify its record was denied, because the error in the introduction and admission of the deposition as evidence was an error committed at its own instance, and it could not be permitted to benefit thereby. The motion of the defendant, Hulett, was allowed, because the error in the admission of the deposition was prejudicial to him, and he was without fault in that respect.
 

 Because of such error, the judgment against the plaintiff in error, Ralph M. Hulett, is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.